MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAO VANG,<br>    a/k/a "CLOWNSY,"<br>JHOVANNY DELGADO-MARCELO,<br>    a/k/a "JHIO," and<br>JOHNNY XIONG,<br><br>    Defendants. | CASE NO. 20-CR-116-NONE-SKO<br><br>STIPULATION TO CONTINUE |

   This case is set for a hearing on September 21, 2020, which the parties stipulate to continue to November 16, 2020, for arraignment for the reasons set forth below. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

   Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION TO CONTINUE                                  1

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California and the defendants, PAO VANG, a/k/a "CLOWNSY," JHOVANNY DELGADO-MARCELO, a/k/a "JHIO," and JOHNNY XIONG, by and through their counsel, hereby agree and stipulate to continue this matter until November 16, 2020.

The defendant also agrees to exclude for this period of time any time limits applicable under 18 U.S.C. § 3161.  The parties agree that the continuance represents the reasonable time necessary for effective preparation of counsel. 18 U.S.C. § 3161(h)(7)(A)-(B)(iv).  In support thereof, the parties stipulate that:

1. This matter is set for an arraignment on September 21, 2020.
2. The government has provided the defendants with discovery that includes audio files, video files, and numerous reports.  The government also agreed to produce an index for those files to the defense.  The defense is continuing to review those documents.
3. Therefore, the parties agree that a continuance until November 16, 2020, is warranted because the defense needs time to review the discovery.
4. The parties stipulate that the period of time from September 21, 2020, through November 16, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  September 18, 2020                              MCGREGOR W. SCOTT
                                                        United States Attorney


                                                  By:   /s/ THOMAS NEWMAN
                                                        THOMAS NEWMAN
                                                        Assistant United States Attorney


Dated: September 18, 2020                               /s/ Charles Lee
                                                        Attorney for Defendant
                                                        JHOVANNY DELGADO-MARCELO


Dated: September 18, 2020                               /s/ Robert Lamanuzzi
                                                        Attorney for Defendant
                                                        JOHNNY XIONG


Dated: September 18, 2020                               /s/ Harry Drandell
                                                        Attorney for Defendant
                                                        PAO VANG


STIPULATION TO CONTINUE                          3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**O R D E R**

IT IS ORDERED that the September 21, 2020 hearing in this matter is continued for an arraignment on November 16, 2020, at 2 pm before the duty magistrate judge.

IT IS FURTHER ORDERED THAT the period of time from September 21, 2020, through November 16, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and (iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **September 18, 2020**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE