PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAO VANG,<br>  a/k/a "CLOWNSY,"<br>JHOVANNY DELGADO-MARCELO,<br>  a/k/a "JHIO," and<br>JOHNNY XIONG,<br><br>Defendants. | CASE NO. 1:20-CR-00116 NONE-SKO<br><br>STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: September 7, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on September 7, 2022 in front of the Honorble Sheila K. Oberto, U.S. Magistrate Court Judge. The parties stipulate and request to continue the status conference to January 18, 2023 at 1:00 p.m. This case involves complex issues and intersecting state and federal cases, and counsel need additional time based in part on state timing, and also to review discovery, conduct additional investigation, and engage in additional discussions with the government before doing so.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652,

which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight and were entered to address public health concerns related to COVID-19. Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. Defense counsel needs additional time. This case involves complex issues and intersecting state and federal cases, and counsel need additional time based in part on state timing, and also to review discovery, conduct additional investigation, and engage in additional discussions with the government before doing so.

2. By this stipulation, defendants now move to continue the September 7, 2022 status conference to January 18, 2023 and to exclude time from September 7, 2022 to January 18, 2023 under Local Code T4.

3. *Procedural History*: On January 20, 2020, the defendants were charged via criminal complaint with 18 USC § 1959(a)(5) - Conspiracy to Commit Murder in aid of Racketeering. The defendants made their initial appearances in U.S. Magistrate Court between January 3 and January 6, 2020. The preliminary hearing was set for February 4, 2020. On or abou January 8, 2020, the defendants appearend in U.S. Magistrate Court for a detention hearing. The Honorable Stanley A. Boone ordered them to remain detained and granted the parties request to continue the preliminary hearing to March 4, 2020, and excluded time. On February 27, 2020, the parties filed a stipulation and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

proposed order to continue the preliminary hearing to April 17, 2020, and the Honorable Magistrate Judge Erica P. Grosjean issued an Order granting the continuance.  The parties submitted a series of stipulations and proposed orders to continue the preliminary hearing which were granted through July 31, 2020.  On July 23, 2020, a grand jury returned an indictment charging the defendants with a violation of 18 USC § 1959(a)(5) - Conspiracy to Commit Murder in aid of Racketeering.  On or about July 30, 2020, the parties submitted a stipulation and proposed order to continue the arraignment on the indictment.  The Court granted the request and continued the arraignment to September 21, 2020.  The parties submitted a series of stipulations and proposed orders continuing the arraignment through May 3, 2022.  On May 3, 2022, the Honorable Sheila K. Oberto arraigned the defendants on the indictment and set a status conference for September 7, 2022.  The instant stipulation and proposed order seeks to continue the September 7, 2022 proceeding.

       4. The parties agree and stipulate, and request that the Court find the following:

          a) The government has represented that the discovery associated with this case includes investigative reports, videos, photos, and related documents in electronic form.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

          b) The government does not object to the continuance.

          c) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Defendants ability to prepare for trial or a plea has been inhibited by the public health emergency;

- Defendants needs additional time to review discovery, and conduct additional investigation; and

          d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 7, 2022 to January 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 1, 2022               PHILLIP A. TALBERT
                                       United States Attorney

                                       /s/ KIMBERLY A. SANCHEZ
                                       KIMBERLY A. SANCHEZ
                                       Assistant United States Attorney

Dated: September 1, 2022               /s/ Erin Snider
                                       Attorney for Defendant
                                       JHOVANNY DELGADO-MARCELO

Dated: September 1, 2022               /s/ Robert Lamanuzzi
                                       Attorney for Defendant
                                       JOHNNY XIONG

Dated: September 1, 2022               /s/ Harry Drandell
                                       Attorney for Defendant
                                       PAO VANG

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

DATED: 9/2/2022

                                       *Sheila K. Oberto*
                                       HONORABLE SHEILA K. OBERTO
                                       UNITED STATES MAGISTRATE JUDGE